*523 To the Members of the
House of Representatives State Capitol
Montgomery, Alabama 36130
Dear Sirs and Mesdames:
We have received House Resolution No. 37 (adopted July 31, 1978) requesting our advisory opinion relative to House Bill 170 which is attached.
We deal with your second question first:
2. Is it constitutionally legal for the Legislature to set a date for the Amendment to be presented to the voters for approval or rejection in the General Election if the Legislature has a final adjournment of the Session less than three months prior to the time the Amendment is presented to the people for approval or rejection in the General Election to be held November 7, 1978 in the event that date is the day appointed by the Legislature.
We refer the House to Amendment No. 24 amending Sec. 284 of Art. XVIII, Alabama Constitution of 1901. There it is stated:
[T]he legislature shall order an election by the qualified electors of the state upon such proposed amendments, to be held either at the general election next succeeding the session of the legislature at which the amendments are proposed or upon another day appointed by the legislature, not less than three months after the final adjournment of the session of the legislature at which the amendments were proposed. . . . (emphasis added)
It is clear that the use of the disjunctives, either and or, within Amendment No. 24, allows the legislature to choose between presentation of the proposed amendment to the people in a general election following the session, or, in a special election held on a day not less than three months after final adjournment of the session. Hence, if your choice is to order the presentation of the amendment to the voters at the next general election there is no three-month requirement. That limitation only pertains to orders of special elections.
Your first and final questions may be considered together:
1. In order for the Constitutional Amendment to be presented to the voters for approval or rejection in the General Election to be held November 7, 1978, what is the latest date that the Session can end in order for the Amendment to be properly presented to the people in the General Election of November 7,1978 for approval.
*524 3. If the Legislature adjourns Sine Die on August 5, 1978, is there enough time remaining to present the Amendment to the people for approval or rejection at the General Election of November 7, 1978?
Amendment 24, supra, requires that:
Notice of such election, together with the proposed amendments, shall be given by proclamation of the governor, which shall be published in every county in such manner as the legislature shall direct, for at least four successive weeks next preceding the day appointed for such election. . (emphasis added)
It is our opinion that the legislature can end no later than such date as will allow the above provisions to be properly carried out. As the legislature is its own best judge of the amount of time necessary for it to comply it would appear to us unnecessary to give an opinion as to a particular date. We do, however, believe that adjournment sine die on August 5, 1978 would allow ample time to present the proposed amendment to the people of Alabama at the General Election of November 7, 1978.
Respectfully submitted,
C. C. TORBERT, JR., Chief Justice
HUGH MADDOX,
JAMES H. FAULKNER,
RENEAU P. ALMON,
SAM A. BEATTY,
Justices
SYNOPSIS: This bill proposes a constitutional
amendment to amend further Article XI, Section 217, Constitution of Alabama of 1901, as amended, pertaining to ad valorem property taxation by the state and local taxing authorities.
A BILL
TO BE ENTITLED
AN ACT
To propose a constitutional amendment amending further Article XI, Section 217, Constitution of Alabama of 1901, as amended by Constitutional Amendment No. 325, relating to ad valorem property taxes levied by the . state and all counties, municipalities and other local taxing authorities .
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
Section 1. Proposed Constitutional Amendment.
The following amendment to the Constitution of Alabama of 1901 is hereby proposed:
*525 "Section 217. (a) ün and after October 1, 1978,
Aall taxable property within this state, not exempt by law, shall be divided into the following classes for the purposes of ad valorem taxation:
Class I. All property of utilities used in the business of such utilities-j^
Class II. All property not otherwise classified?^
Class III. All agricultural, forest and residential propertyt L and historic buildings and sites.
Class IV. All private passenger automobiles and motor trucks of the type commonly known as "pickups" or "pickup trucks" owned and operated by an individual for personal or private use and not for hire, rent or compensation.
(b) With respect to ad valorem taxes levied by the state, all taxable property shall be forever taxed at the same rate-?^ On and after October 1, 1978, and such property shall be assessed for ad valorem tax purposes according to the classes thereof as herein defined at the following ratios of assessed value to the fair and reasonable market value (except as otherwise provided in subsection (i) hereof) of such property:
Class I. 30 per centum
Class II. 25 20 per centum
Class III. 15 per centum
Class IV. 15 per centum
(c) With respect to ad valorem taxes levied by counties, municipalities or other taxing authority authorities , all taxable property shall be forever taxed at the same rate-^ On and after October 1, 1978, and such property shall be assessed for ad valorem tax purposes according to the classes of property defined in paragraph subsection (a) herein hereof and at the same ratios of assessed value to the fair and reasonable market value thereof as fixed in paragraph subsection (b) herein hereof, except as otherwise *526 provided in subsection (j) hereof and this subsection (such ratios being herein called "assessment ratios"). previded? however? that In connection with the ad valorem taxes that a county, municipality or other taxing authority is authorized or required to levy and collect pursuant to any provision of this Constitution, for the ad valorem tax year beginning October 1, 1978, any such taxing authority may, subject to criteria established by act of the legislature, by resolution of the governing body of that taxing authority, at any time not later than September 30, 1979, increase or decrease the assessment ratio applicable to any class of taxable property, such increase or decrease to be effective for ad valorem tax years beginning on and after October 1, 197.8. If the receipts from the ad valorem taxes with respect to which any assessment ratio has been so adjusted by any taxing authority during the ad valorem tax year beginning October 1, 1978, exceed by more than 5 percent, or are less than 95 percent of, the receipts from such ad valorem tax for the ad valorem tax year beginning October 1, 1977, then at any time not later than September 30, 1980 for ad valorem tax years beginning on and after October 1, 1979, the taxing authority may, sub.jectto criteria established by act of the legislature, by resolution of the governing body of that taxing authority, adjust any assessment ratio with respect to such ad valorem tax. On and after October 1, 1979, the governing body of any county, municipality or other taxing authority legislature may^ subject to criteria established by act of the legislature, at any time vary increase or decrease the assessment ratio of assessed value te the fair and reasonable market value as applicable to any class of taxable propertyj_ as defined in paragraph tb} herein- and provided, chat any proposed adjustment to an assessment ratio to be made pursuant to this sentence, whether an increase or a decrease, shall have been (1) proposed by the governing body of the taxing authority *527 after a public hearing on such proposal, (2) thereafter approved by an act of the legislature, and (3) subsequently approved by a majority vote of the qualified electors residing in the taxing authority who vote on the proposal at a special election called and held in accordance with the law governing special elections. further that feThe legislature shall enact general laws applicable to all counties, municipalities and other taxing authorities regulating and establishing criteria for the exercise of the powers granted such taxing authorities to adjust assessment ratios as hereinabove provided. may fix a uniferm rafeie ef assessment ef all property within a eeunty defined in-paragraph {a) herein as Slass-Il and 111 and may fix a different ratie ef assessment fer property defined in paragraph fa) as Slass 1. Such assessment ratios as herein authorized may vary among taxing authorities eeunties so long as each such assessment ratio is uniform within a taxing authority eeunty. any ulerease in any assessment ratio pursuant to this subsection shall not .jeopardize the payment of any bonded indebtedness secured by any tax levied by the taxing authority decreasing the assessment ratio. Any action authorized by this subsection» to be taken by a taxing authority, or the governing body thereof, shall, other than in the case of a municipality, be taken by resolution of the governing body of the county in which such taxing authority is located acting on behalf of such taxing authority .
(d) With respect to ad valorem taxes levied by the state or by any county, municipality or other taxing author-, ity, Nh,o class of taxable property shall have an assessment ratio ef assessed value fee fair and reasonable market value of less than IS 5 per centum nor more than 35 per centum.
(e) fd) A county, municipality, or other taxing authority may decrease any ad valorem tax rate at any time, provided such decrease shall not jeopardize the *528 payment of any bonded indebtedness secured by such tax. For the ad valorem tax year beginning October 1, 1978,. Wwhen the tax assessor of each county shall complete the assembly of the assessment book for his county for the that ad valorem tax year immediately following the adoption of this amendment and the computation of ad valorem taxes that will be paid upon such assessment, he shall certify to each authority within his county that levies an ad valorem tax the amount of ad valorem tax that will be produced by every levy in that ad valorem tax year but excluding for this purpose any assessment of new taxable property not previously subject to taxation (except "escaped" property as defined by law) added to the tax rolls of such county for the ad valorem tax year in which such certification is made that was not included on the tax rolls for the next preceding ad valorem tax year. If it shall appear that the estimated ad valorem tax receipts from any levy so estimated shall be less than the receipts from the same levy during the next preceding ad valorem tax year? then the levying authority shall inerease eaeh tax rate by sueh millage as Any» county, municipality or other taxing authority, at any time not later than September 30, 1979, may increase the rate at which any ad valorem tax is levied by or with respect to that taxing authority above the limit otherwise provided in this Constitution, such increase to be effective for ad valorem tax years beginning on and after October 1, 1978; provided, that any such millage increase shall not exceed in mills the total of (i) the number of additional mills that is necessary, when added to the millage rate imposed with respect to such tax on each dollar of taxable property situated in the taxing authority for the ad valorem tax year beginning October 1, 1977, to produce revenue that is not less than and that is substantially equal to that received by the taxing authority with respect to such tax during such immediately preceding ad valorem *529 tax year, plus (ii) a number of additional mills equal to 20% of the total mills imposed by that taxing authority with respect to such tax on each dollar of taxable property situated in the taxing authority for the ad valorem tax year beginning October 1, 1977. If, for the ad valorem tax year beginning October 1, 1978, the receipts from any ad valorem tax with respect to which any millage rate has been increased pursuant to the immediately preceding sentence are less than 95 percent of the receipts from such ad valorem tax for the ad valorem tax year beginning October 1, 1977, then at any time not later than September 30, 1980, the taxing authority may increase any millage rate with respect to such ad valorem tax in the manner provided in the immediately preceding sentence, such increase to be effective for ad valorem tax years beginning on and after October 1, 1979. It is further provided that any and all millage adjustments shall be made in increments of not less than one tenth (1/2 10) mill.The adjustment herein required shall be made enly ene time and shall be made in the ad valerem tax year immediately fallowing the adaption ef this amendment.
(f) (e) On and after October 1, 1979, Aany county, municipality, or other taxing authority may at any time increase the rate at which any ad valorem tax taxes are is levied above the limit new otherwise provided in the this Constitution; provided that the proposed increase to be made pursuant to this subsection shall have been (1) proposed by the governing body of the taxing-authority having pewer te levy the tax after a public hearing on such proposal, (2) thereafter approved by an act of the legislature, and (3) subsequently approved by a majority vote of the qualified electors ef residing in the taxing authority area in whieh the tax is te be levied er increased who vote on the proposal at a special election called and held in accordance with the law governing special *530 elections. Any adjustments or other actions authorized to be made or taken pursuant to this subsection and subsection (e) hereof shall be made or taken by resolution of the governing body of such taxing authority, or if there is no such governing body and in the case of a taxing authority other than a municipality, by resolution of the governing body of the county in which such taxing authority is located acting on behalf of such taxing authority. The provisions of subsections (c), (e) and (f)of this section shall not apply to ad valorem taxes levied by the State.
(g) {€) The legislature is authorized to enact legislation to implement the provisions of this amendment? section and may provide for exemptions from taxation; provided? however? that, unless otherwise expressly provided, no amendment to this section shall be construed to repeal any statutory exemption existing prior fee the adoption of this amendment shall not he repealed? exeept by subsequent legislative aet? and shall remain in full feree and effeet on the effective date of any such amendment hereto.
(h) 4g) Wherever any constitutional provision or statute provides for, limits or measures the power or authority of any county, municipality or other taxing authority, to levy taxes, borrow money, or incur indebtedness in relation to the assessment of property therein for state taxes or for state and county taxes^ such provision shall mean as assessed for county or municipal taxes^_ as the case may be.
(i) {h} Except as otherwise provided in Any previsien ef the this Constitution^ including any amendment thereto whenever adopted with respect to taxable property located in the City of Mountain Brook, the City of Vestavia Hills, or,the City of Huntsville, ef Alabama te the eentrary netwithstending? the amount of ad valorem taxes payable to the state and to all counties, municipalities and other taxing authorities with respect to any item of taxable property *531 described as Class I property shall never exceed 2% 1-1/2% of the fair and reasonable market value of such taxable the property in any one ad valorem tax taxable year-r^ such amount with respect to any item of Class II property shall never exceed 1-1/2% of the fair and reasonable market value of such taxable property in any one ad valorem -tax year, such amount with respect to any item of Class IV property shall never exceed 1-1/4% of the fair and reasonable market value of such taxable property in any one ad valorem tax year, and such amount with respect to any item of Class III property shall never exceed 1% of the fair and reasonable market value of such taxable property in any one ad valorem tax year. Whenever the total amount of ad valorem property taxes otherwise payable by any taxpayer with respect to any item of taxable property shall exceed in any one ad valorem tax year the maximum amount of such taxes permitted by this section, such amount of taxes shall be reduced by subtracting that amount of tax due that is in excess of the amount of tax otherwise permissible under the Constitution. In connection with the taxation of any item of taxable property, the amount of tax to be subtracted with respect to each authority levying and collecting any ad valorem property tax shall be in the same proportion to the total amount of tax to be subtracted that the total number of mills on each dollar of taxable property situated in the taxing authority levied by such taxing authority bears to the total number of mills on each dollar of taxable property situated in the taxing authority levied by all taxing authorities with respect to such item of taxable property. Before sending to any taxpayer any notice relating to the collection of ad valorem taxes, the tax collector in each county shall determine whether any portion of the amount of ad valorem property tax otherwise due with respect to any item of taxable property shall be subtracted pursuant to the *532 provisions of this subsection and shall apportion the amount to be subtracted in accordance with the provisions of this subsection.
(j) Notwithstanding any other provision of this section, on and after October 1, 1978, taxable property defined in subsection (a) hereof as Class III property shall, upon application by the owner of such property, be assessed at the ratio of assessed value to the current use value of such taxable property and not the fair and reasonable market value of such property, provided that the legislature shall have enacted laws uniformly applicable to the state and all counties, municipalities and other taxing authorities establishing criteria and procedures for the determination of the current use value of any eligible taxable property and procedures for qualifying such property for assessment at its current use value. The legislature may also enact laws uniformly applicable to the state and all counties, municipalities and other taxing authorities providing for the ad valorem taxation of any taxable property ceasing to qualify for current use valuation.
(k) (i) The following property shall be exempt from all ad valorem taxation: the real and personal property of the state, counties and municipalities and property devoted exclusively to religious, educational or charitable purposes.
(l) Notwithstanding the other provisions of this section, with respect to the costs of reappraisal incident to the state-wide reappraisal of property heretofore authorized by the legislature, each county, municipality or other taxing authority for ad valorem tax years beginning on and after October 1, 1978, may impose and levy an additional ad valorem tax of not more than two mills on all taxable property located in the taxing authority in order to reimburse itself for its payment of such costs of reappraisal or to *533 pay any unpaid costs or its pro rata share of such unpaid costs of reappraisal. The taxes provided for in this subsection, or any pro rata part thereof, shall terminate at the end of the ad valorem tax year in which sufficient funds are received from the taxes to pay in full the said reappraisal costs and any receipts from such taxes that are received during the ad valorem tax year of their termination that are not needed for the purposes specified herein may be used by the taxing authority levying the tax for general purposes of the taxing authority. The taxes authorized in this subsection shall not exceed in the aggregate, with respect 'to any item of taxable property located in the taxing authority, a total of two mills for all such taxes levied by all taxing.authorities in a county and not two mills for each taxing authority in a county. If more than one such taxing authority in a county has paid or owes all or a portion of its reappraisal costs, such two mills shall be prorated among such taxing authorities in the county as they may agree, or if they cannot agree, in the percentage which each such taxing authority's costs of reappraisal bear to the total costs of reappraisal of all taxing authorities in the county. The provisions of this subsection shall apply only to the costs incurred by a taxing authority incident to the state-wide reappraisal of property heretofore authorized by the legislature, the amount of which costs shall be certified by the Department of Revenue, and shall not be applicable to any future reappraisals that may be required by law.
(m) If any portion of this section should be declared invalid by any court of competent jurisdiction, such invalidity shall not affect the validity of any of the remaining portions of this section, which shall continue effective.
*534 Section 2. Election Ordered; Date of Election.
An election upon the proposed amendment is- ordered to be held on Tuesday, November 7, 1978, the day of the general election in the year 1978. The election shall be held in accordance with the provisions of Section 284, as amended, and Section 285 of the Constitution of Alabama of 1901, and Title 17, Chapter 17, Code of Alabama 1975.
Section 3. Notice of Election. Notice of the election on the proposed amendment shall be given by proclamation of the Governor, published in a newspaper in each county in the state once a week for four successive weeks next preceding the day appointed herein for the election, and in any county in which there may be no newspaper published, the notice shall be posted at each courthouse therein.